IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF PENNSYLVANIA
PITTSBURGH

| | |
|---|---|
| RICHARD ARRINGTON, ) | |
| ) | |
| Plaintiff, ) | 2:21-CV-01020-CRE |
| ) | |
| vs. ) | |
| ) | |
| BILL SHOUPPE, WARDEN; AND ETHEL ) | |
| WHITE, DEPUTY WARDEN; ) | |
| ) | |
| Defendants, | |

## MEMORANDUM ORDER

**AND NOW**, the Court finding that:

Plaintiff in the above-captioned case has submitted for filing a Civil Rights complaint in the United States Court for the Western District of Pennsylvania and has moved to proceed *in forma pauperis*.

**IT IS THEREFORE ORDERED that:**

1. Plaintiff shall pay the filing fee of $350.00 in installments, regardless of the outcome of this case.

2. The Motion to Proceed *In Forma Pauperis* (ECF No. 1) is **GRANTED** and the Clerk of Court is directed to file the Complaint.

3. Pursuant to the Prison Litigation Reform Act, the Superintendent of the institution where this inmate is incarcerated is directed to remit from the prisoner's account, in monthly installments, the full $350.00 fee. Enclosed is a copy of the Plaintiff's signed Authorization. Specifically, **IT IS HEREBY ORDERED** that as soon as funds are available in the inmate's prison account, the Superintendent shall submit an initial partial payment of 20 percent of the greater of:

      (a)      the average monthly balance in the inmate's prison account for the past six months, or

      (b)      the average deposits into the inmate's prison account for the past six months.

In each succeeding month when the amount in the prisoner's account exceeds $10.00, the warden, or his or her designee, shall forward payments to the United States District Court for the Western District of Pennsylvania equaling 20% of the preceding month's income credited to the prisoner's account until the fees are paid. 28 U.S.C. § 1915(b)(2).[1] The warden, or his or her designee, shall forward payments to the appropriate courts simultaneously if there are multiple orders.

Each payment shall be clearly identified by the name and number of the prisoner and the number assigned to this action.  Payments must be made payable to "Clerk, U.S. District Court of the Western District of Pennsylvania" and transmitted to:

Clerk of Court
U. S. District Court
Western District of Pennsylvania
Civil Action 2:21-cv-1020
700 Grant Street, Suite 3110
Pittsburgh, PA 15219

In the event the Plaintiff is transferred to a different correctional facility before the full filing fee is paid, you must forward this Order to the Superintendent/Warden of the receiving institution.  This Order will be binding on the Superintendent/Warden of any correctional facility where the prisoner is incarcerated until the filing fee is paid in full in accordance with provisions of 28 U.S.C. § 1915(b)(1).

---

[1] The term "income" in § 1915(b)(2) means "all deposits to the prisoner's inmate account". *In re Hubert Jackson,* No. 16-4100, slip op. at 3 n.2 (3d Cir. Jan. 4, 2017) (citing *Cosby v. Meadors*, 351 F.3d 1324, 1326 (10th Cir. 2000) and *Lucien v. DeTella*, 141 F.3d 773, 776 (7th Cir. 1998).

4.	The Clerk of Court shall mail a copy of this Order and a copy of Plaintiff's authorization form to the Inmate Account Officer at Plaintiff's place of confinement.

5.	Plaintiff shall keep the Court advised of his current address at all times throughout this litigation. Specifically, Plaintiff is **ORDERED** to notify the Court in writing as to any and all address changes, including all temporary transfers to another jail or prison or other facility. Plaintiff's failure to do so will result in dismissal of this action.

6.	Finally, this Court must review Plaintiff's Complaint in accordance with the authority granted to federal courts for sua sponte screening and dismissal of prisoner claims under the PLRA. Specifically, section 1915(e) requires the federal courts to review complaints filed by persons who are proceeding in forma pauperis and to dismiss, at any time, any action that is frivolous or malicious, fails to state a claim on which relief may be granted, or seeks monetary relief against a defendant who is immune from such relief.   28 U.S.C. § 1915(e)(2)(B). If the Court dismisses the case for any of these reasons, the prisoner is **NOT** entitled to the return of his filing fee.

DATED this 4th day of August, 2021.

BY THE COURT:

s/Cynthia Reed Eddy
Chief United States Magistrate Judge