# IN THE UNITED STATES DISTRICT COURT
# FOR THE WESTERN DISTRICT OF PENNSYLVANIA
# PITTSBURGH

| | |
|---|---|
| RICHARD ARRINGTON, | |
| Plaintiff, | 2:21-CV-01020-DSC |
| vs. | |
| BILL SHOUPPE, WARDEN; AND ETHEL WHITE, DEPUTY WARDEN; | |
| Defendants, | |

## REPORT AND RECOMMENDATION

### I. RECOMMENDATION

For the reasons that follow, it is respectfully recommended that Plaintiff's Motion for Preliminary Injunction (ECF No. 40) be denied as moot.

### II. REPORT

Plaintiff Richard Arrington ("Plaintiff") was in the custody of the Beaver County Jail at the time he filed this motion on December 30, 2021. He was seeking an order of court to enjoin the Beaver County Jail from "conducting preliminary arraignments by two-way simultaneous audio-visual technology until proper constitutional and Pennsylvania Rules of Criminal Procedures are conducted with a Commonwealth counsel, and a counsel for the defense, with the ability to honor the Constitution of the United States and Pennsylvania 8th Amendment – the right to bail." Pl.'s Motion (ECF No. 40) at ¶ 3.

On February 23, 2022, Plaintiff notified this Court that he was no longer in the custody of the Beaver County Jail. (ECF No. 61). Defendants responded in opposition on March 4, 2022. (ECF No. 63).

### A. Analysis

"[T]he grant of injunctive relief is an 'extraordinary remedy which should be granted only in limited circumstances.' " *AT & T v. Winback & Conserve Program, Inc.*, 42 F.3d 1421, 1426–27 (3d Cir. 1994) (quoting *Frank's GMC Truck Center, Inc. v. General Motors Corp.*, 847 F.2d 100, 102 (3d Cir. 1988)). A party seeking a preliminary injunction must show: " '(1) a likelihood of success on the merits; (2) that it will suffer irreparable harm if the injunction is denied; (3) that granting preliminary relief will not result in even greater harm to the nonmoving party; and (4) that the public interest favors such relief.' " *Ball v. Beard*, 396 F. App'x 826, 827 (3d Cir. 2010) (quoting *Kos Pharm., Inc. v. Andrx Corp.*, 369 F.3d 700, 708 (3d Cir. 2004)). Additionally, "a showing of irreparable harm is insufficient if the harm will occur only in the indefinite future. Rather, the moving party must make a clear showing of immediate irreparable harm." *Campbell Soup Co. v. ConAgra, Inc.*, 977 F.2d 86, 91 (3d Cir. 1992) (internal quotations omitted). "In order to support a preliminary injunction, plaintiff must show both a likelihood of success on the merits and a probability of irreparable harm." *Id.* at 90–91.

In the context of prisoner litigation, it is well established that "an inmate-plaintiff's transfer to another prison, or his release, moots a request for declaratory or injunctive relief." *Mollett v. Leith*, 2011 WL 5407359, at *13 (W.D. Pa. Nov. 8, 2011), aff'd sub nom. *Mollett v. Leicth*, 511 F. App'x 172 (3d Cir. 2013). As it is clear from the record that Plaintiff was released after the filing of the instant motion, this motion for preliminary injunction should be denied as moot.

### III. CONCLUSION

For the reasons stated above, it is respectfully recommended that Plaintiff's motion for preliminary injunction (ECF No. 40) be denied as moot.

Any party is permitted to file Objections to this Report and Recommendation to the assigned United States District Judge. In accordance with 28 U.S.C. § 636(b), Fed.R.Civ.P. 6(d) and 72(b)(2), and LCvR 72.D.2, Plaintiff, because he is a non-electronically registered party, may file written objections to this Report and Recommendation by **June 23, 2022** and Defendants, because they are electronically registered parties, may file written objections by **June 21, 2022.** The parties are cautioned that failure to file Objections within this timeframe "will waive the right to appeal." *Brightwell v. Lehman*, 637 F.3d 187, 193 n. 7 (3d Cir. 2011).

s/ Cynthia Reed Eddy  
Cynthia Reed Eddy  
Chief United States Magistrate Judge

Dated:  June 6, 2022

cc:     RICHARD ARRINGTON
        300 Superior Avenue C
        Apt. 118
        Aliquippa, PA 15001
        (via U.S. First Class Mail)

        Counsel of Record
        (via ECF)