IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF PENNSYLVANIA
PITTSBURGH

| | |
|---|---|
| RICHARD ARRINGTON, ) <br> ) <br> Plaintiff, ) <br> ) <br> vs. ) <br> ) <br> BILL SHOUPPE, WARDEN; AND ETHEL ) <br> WHITE, DEPUTY WARDEN; ) <br> ) <br> Defendants, ) | 2:21-CV-01020-CRE |

**REPORT AND RECOMMENDATION**

**Cynthia Reed Eddy, Chief United States Magistrate Judge.**

### I. Recommendation

This prisoner civil rights action was initiated in this court on August 2, 2021, by *pro se* Plaintiff Richard Arrington, who was then incarcerated at the Beaver County Jail, against Defendants Bill Shouppe, Warden, and Ethel White, Deputy Warden. *See* Compl. (ECF No. 4). In his Second Amended Complaint ("SAC") (ECF No. 38), Plaintiff asserts causes of action against Defendants pursuant to 42 U.S.C. § 1983, and the "4th, 5th, 6th, 8th, [and] 14th Amendments" to the United States Constitution. SAC (ECF No. 38) at 1. This court has subject matter jurisdiction over the controversy pursuant to 28 U.S.C. § 1331.

Presently before the court is a motion by Defendants to dismiss the SAC pursuant to Federal Rule of Civil Procedure 12(b)(6) for failure to state a claim upon which relief can be granted. (ECF No. 48). For the reasons that follow, it is respectfully recommended that Defendants' motion to dismiss be granted in part and denied in part.

### II. Report

#### A. Factual and Procedural History

Plaintiff's claims arise out his arrest and subsequent incarceration at the Beaver County

1

Jail. On June 25, 2021, a criminal complaint was filed against Plaintiff in Beaver County, Pennsylvania, charging Plaintiff with retail theft and criminal mischief for stealing several items from a Wal-Mart and then damaging property in the parking lot. FAC (ECF No. 16) at 16-1. Plaintiff was transported to the Beaver County Jail that day. *Id*.

On August 2, 2021, Plaintiff initiated the instant action. According to Plaintiff, Defendants detained Plaintiff "illegally" prior to trial. SAC (ECF No. 38) at ¶ 1. Plaintiff alleges that the criminal complaint and affidavit of probable cause were "illegal" because they were not signed by the magistrate, and therefore Defendants were falsely imprisoning him. *Id*. at ¶ 1(a). Plaintiff also asserts that the preliminary arraignment was "illegal" because of the "illegal" criminal complaint, and also because he was not provided counsel at arraignment. *Id*. at ¶ 1(b).

Plaintiff then goes on to assert a number of issues related to the conditions of his confinement at the Beaver County Jail. Specifically, he claims there were "HIPPAA [*sic*] violations by forcing inmates to take Covid shots in front of other inmates," and further claims that the jail was not following CDC guidelines regarding the use of masks. *Id*. at ¶ 2. Plaintiff also claims there are not enough computer tablets for the use of the number of inmates; that he "had to defend [him]self from convicted drug dealers [] who are aggressive and disrespectful;" he broke out into "a rash from the showers that are invaded with black mold;" and that the understaffing of corrections officers was putting him in danger. *Id*.

On January 18, 2022, Defendants filed a motion to dismiss the SAC pursuant to Fed. Rule Civ. Pro. 12(b)(6). (ECF Nos. 48, 49). Plaintiff filed a response to this motion on February 8, 2022. (ECF No. 59). On February 9, 2022, in his underlying criminal case, Plaintiff entered a plea of guilty to the retail theft charge, and was sentenced to a minimum term of seven months of incarceration. On February 23, 2022, Plaintiff informed this Court that he was no longer

incarcerated at the Beaver County Jail, and he was now at his home address. (ECF No. 61). This motion is now ready for disposition.

### B. **Standard of Review**

To survive dismissal pursuant to Federal Rule of Civil Procedure 12(b)(6), "a complaint must contain sufficient factual matter, accepted as true, to 'state a claim to relief that is plausible on its face.'" *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009) (quoting *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 570 (2007)). The reviewing court must "determine whether, under any reasonable reading of the complaint, the plaintiff may be entitled to relief." *Phillips v. Cnty. of Allegheny*, 515 F.3d 224, 233 (3d Cir. 2008). Dismissal under Federal Rule of Civil Procedure 12(b)(6) is proper where the factual allegations of the complaint conceivably fail to raise, directly or inferentially, the material elements necessary to obtain relief under a legal theory of recovery. *Twombly*, 550 U.S. at 561. Thus, "[t]hreadbare recitals of the elements of a cause of action, supported by mere conclusory statements, do not suffice." *Iqbal*, 556 U.S. at 678 (2009) (citing *Twombly*, 550 U.S. at 555). The factual and legal elements of a claim should be separated, with the court accepting all well-pleaded facts as true and disregarding all legal conclusions. *Santiago v. Warminster Twp.*, 629 F.3d 121, 130-31 (3d Cir. 2010). Under this standard, civil complaints "must contain more than an unadorned, the-defendant-unlawfully-harmed-me accusation." *Fowler v. UPMC Shadyside*, 578 F.3d 203, 210-11 (3d Cir. 2009). A court in making this determination must ask "not whether a plaintiff will ultimately prevail but whether the claimant is entitled to offer evidence to support the claim." *Twombly*, 550 U.S. at 583 (quoting *Scheuer v. Rhoads*, 416 U.S. 232, 236 (1974) (internal quotations omitted)).

In deciding a motion to dismiss pursuant to Federal Rule of Civil Procedure 12(b)(6), a court may take into consideration "the allegations contained in the complaint, exhibits attached to

the complaint and matters of public record" as well as "undisputedly authentic document[s] that a defendant attaches as an exhibit to a motion to dismiss if the plaintiff's claims are based on the document." *Pension Benefit Guar. Corp. v. White Consol. Indus., Inc.*, 998 F.2d 1192, 1196 (3d Cir. 1993).

Furthermore, a *pro se* pleading is held to a less stringent standard than more formal pleadings drafted by lawyers. *Estelle v. Gamble*, 429 U.S. 97, 106 (1976); *Haines v. Kerner*, 404 U.S. 519, 520 (1972).  As such, a *pro se* complaint pursuant to 42 U.S.C. § 1983 must be construed liberally, *Hunterson v. DiSabato*, 308 F.3d 236, 243 (3d Cir. 2002), so "as to do substantial justice." *Alston v. Parker*, 363 F.3d 229, 234 (3d Cir. 2004) (citations omitted).  In a section 1983 action, the court must "apply the applicable law, irrespective of whether the *pro se* litigant has mentioned it by name." *Higgins v. Beyer*, 293 F.3d 683, 688 (3d Cir. 2002). Notwithstanding this liberality, *pro se* litigants are not relieved of their obligation to allege sufficient facts to support a cognizable legal claim. *See, e.g., Taylor v. Books A Million, Inc.*, 296 F.3d 376, 378 (5th Cir. 2002); *Riddle v. Mondragon*, 83 F.3d 1197, 2102 (10th Cir. 1996).

In addition, "when a complaint is subject to dismissal under Rule 12(b)(6), the court should permit a curative amendment." *Thompson v. Police Dep't of Philadelphia*, 2011 WL 4835831, at *2 (E.D. Pa. Oct. 12, 2011). "However, we need not provide a plaintiff with leave to amend if amendment would be inequitable or futile." *Id*. "Where a claim is frivolous, amendment is necessarily futile and, thus, leave to amend is not warranted. A claim is frivolous when it lacks an arguable basis in either law or in fact." *Id*. (internal citation and quotation marks omitted).

### C. Discussion

#### i. *False Imprisonment Claim*

Plaintiff is first asserting a claim of false imprisonment based upon his allegedly unlawful

4

incarceration at the Beaver County Jail. SAC (ECF No. 35) at 5. It is his position that the criminal complaint and affidavit of probable cause were invalid, and then that the procedures utilized at his preliminary arraignment violated his rights. *Id*. Defendants contend, *inter alia*, that Plaintiff's claims regarding his allegedly unlawful detainment are barred by *Heck v. Humphrey*, 512 US. 477 (1994). Defs.' Br. (ECF No. 49) at 8.

>In *Heck*, the United States Supreme Court held that:
>
>> [I]n order to recover damages for allegedly unconstitutional conviction or imprisonment, or for other harm caused by actions whose unlawfulness would render a conviction or sentence invalid, a § 1983 plaintiff must prove that the conviction or sentence has been reversed on direct appeal, expunged by executive order, declared invalid by a state tribunal authorized to make such determination, or called into question by a federal court's issuance of a writ of habeas corpus.... A claim for damages bearing that relationship to a conviction or sentence that has not been so invalidated is not cognizable under § 1983. Thus, when a state prisoner seeks damages in a § 1983 suit, the district court must consider whether a judgment in favor of the plaintiff would necessarily imply the invalidity of his conviction or sentence; if it would, the complaint must be dismissed unless the plaintiff can demonstrate that the conviction or sentence has already been invalidated. But if the district court determines that the plaintiff's action, even if successful, will not demonstrate the invalidity of any outstanding criminal judgment against the plaintiff, the action should be allowed to proceed, in the absence of some other bar to the suit.
>
> 512 U.S. at 486-87. While *Heck*, itself, involved a malicious prosecution claim, courts have held that *Heck* "may also serve as a bar to § 1983 false arrest and false imprisonment claims when the plaintiff has been convicted." *Curry v. Yachera*, No. CIV.A. 14-5253, 2015 WL 1186014, at *6 n.15 (E.D. Pa. Mar. 13, 2015) (collecting cases).

*Fields v. City of Pittsburgh*, 2016 WL 7324594, at *4 (W.D. Pa. Dec. 16, 2016), aff'd, 714 F. App'x 137 (3d Cir. 2017).

On February 9, 2022, in his underlying criminal case, Plaintiff entered a plea of guilty to the retail theft charge, and was sentenced to a minimum term of seven months of incarceration. It


appears to be Plaintiff's position that his pretrial detention with respect to the charge to which he subsequently pleaded guilty was invalid. However, a claim for "false imprisonment arising from the prosecution, arrest, and imprisonment that led to a plaintiff's conviction [is a] clear example[] of [a] *Heck*-barred claim[], because success on [that claim] requires showing unlawful prosecution or imprisonment." *Yoast v. Pottstown Borough*, 437 F.Supp.3d 403, 426 (E.D. Pa. 2020). Accordingly, it is respectfully recommended that Plaintiff's claim be dismissed without prejudice so that Plaintiff may reassert his claims should his conviction be overturned. *See Jones v. Shelly*, 2020 WL 374465, at *3 (E.D. Pa. Jan. 23, 2020) ("*Heck* bars Jones's claim since he was convicted of the charges stemming from the allegedly illegal search and arrest, that conviction has not been overturned, and his success on the claim would render that conviction invalid. Accordingly, the illegal search claim is dismissed without prejudice and with leave for Jones to reassert the claim if his conviction is ever overturned or otherwise invalidated.").

### ii. Conditions of and Treatment in the Beaver County Jail

Plaintiff next asserts a series of claims related to the conditions of and his treatment in the Beaver County Jail. SAC (ECF No. 38) at 4-6. Plaintiff claims there were a number of health and safety related lapses, as well as inadequate access to computers. This Court will address each considering the following framework.

"Claims by pre-trial detainees challenging their conditions of confinement are analyzed under the Due Process Clause of the Fourteenth Amendment." *Burgos v. City of Philadelphia*, 270 F. Supp. 3d 788, 794 (E.D. Pa. 2017) (footnotes omitted). "The inquiry courts must make is whether the conditions amount to punishment of the detainee." *Reyes v. Kelsey*, 2020 WL 1689781, at *3 (D.N.J. Apr. 7, 2020) (internal citations and quotation marks omitted). "Absent a showing that the condition was imposed with intent to punish, the determination courts must make

is whether the condition is reasonably related to a legitimate governmental objective and whether it is excessive to that purpose." *Id.* (internal citations and quotation marks omitted).

"A pretrial detainee's protection from punishment under the Fourteenth Amendment has been distinguished from a convicted prisoner's protection from punishment that is 'cruel and unusual' under the Eighth Amendment." *Hall-Wadley v. Maint. Dep't*, 386 F. Supp. 3d 512, 516 (E.D. Pa. 2019). "Although it remains somewhat unclear as to what level of protection is afforded to pretrial detainees under certain claims, the Third Circuit has broadly held in the context of nonmedical conditions of confinement claims that pretrial detainees 'are entitled to greater constitutional protection than that provided by the Eighth Amendment.'" *Id.*  "Thus, cases that have analyzed convicted prisoners' constitutional deprivations under the Eighth Amendment are helpful, but only to the extent that they address the minimum level of constitutional protection required for pretrial detainees." *Id.* at 517.

### a. HIPAA Claim

Plaintiff first contends that Defendants violated "HIPPAA" "by forcing inmates to take Covid shots in front of other inmates." SAC (ECF No. 38) at 4.  To the extent Plaintiff is asserting a claim pursuant to the Health Insurance Portability and Accountability Act ("HIPAA," 42 U.S.C.A. § 201), it is well-settled that "there is no private right of action under HIPAA." *Dominic J. v. Wyoming Valley W. High Sch.*, 362 F. Supp. 2d 560, 573 (M.D. Pa. 2005).

Moreover, Plaintiff has not asserted that he was forced to receive a COVID-19 vaccine in this manner.[1]  To the extent Plaintiff did not actually receive a COVID-19 vaccine, he has no viable

---

[1] Defendants read the SAC to say that Plaintiff did receive "his COVID shot in a room where other inmates and correctional officers could see him." Defs.' Br. (ECF No. 49) at 9-10.  This is a plausible inference to draw from the SAC, but it is not explicitly stated in the SAC, which reads, in relevant part, "HIPPAA violations by forcing inmates to take Covid shots in front of other inmates…" SAC (ECF No. 38) at ¶ 2.

claim. If Plaintiff did receive a COVID-19 vaccine in the presence of other inmates and guards, which would arguably be a claim that prison officials disclosed Plaintiff's private medical information, the claim would be evaluated as follows.

> An individual has a constitutional right to privacy which protects the individual interest in avoiding disclosure of personal matters. We have long recognized the right to privacy in one's medical information…. That being said, a prisoner does not enjoy a right of privacy in his medical information to the same extent as a free citizen.... [Plaintiff's] constitutional right is subject to substantial restrictions and limitations in order for correctional officials to achieve legitimate correctional goals and maintain institutional security.
>
> The Third Circuit has yet to define the parameters of a prisoner's right to privacy in his medical information, but courts construing prisoner's medical privacy claims have framed the right narrowly and have applied it to situations involving "**an unusual medical condition which, if disclosed unnecessarily, would likely expose the inmate to ridicule, discrimination, or even potential violence and harm, particularly when word of the condition is likely to spread through 'humor or gossip[.]'**" *Smith v. Hayman*, No. 09-2602, 2012 WL 1079634, at *18 (D.N.J. Mar. 30, 2012) (quoting *Powell v. Shriver*, 175 F.3d 107, 112-13 (2d Cir. 1999)), aff'd, *Smith*, 489 F. App'x 544 (alteration in original).

*Archie v. Warren*, 2022 WL 92804, at *2 (D.N.J. Jan. 10, 2022) (some internal citations and quotation marks omitted; emphasis added).

Based on the foregoing, even if Plaintiff did receive a COVID-19 vaccine in the presence of others, it is evident that other inmates were receiving the same vaccine. Thus, this could hardly be the type of "unusual medical condition which …would likely expose the inmate to ridicule, discrimination, or even potential violence and harm." *Id*. *See Ibrahim v. DeFilippo*, No. 2021 WL 753898, at *7 (D.N.J. Feb. 26, 2021)  ("Most cases concern revealing an inmate's HIV-positive status or that they are transgender."). Thus, this Court respectfully recommends that Plaintiff's claim be dismissed with prejudice.

### b. COVID-19 Claims

Plaintiff next contends that the corrections officers refuse to wear masks and that the jail

provides an inadequate supply of masks for prisoners. SAC (ECF No. 38) at 4. Specifically, Plaintiff avers that corrections officers "refuse to wear mask[s] and because of the small numbers of C.O.'s employed by the warden and deputy warden refuse to put mask mandate on officers but put mask mandate on inmates and only provide two mask[s] a week." *Id.* It is Plaintiff's belief that this "procedure is not [consistent with] CDC recommendation[s]." *Id.*

Courts have considered claims regarding CDC guidelines related to COVID-19, and have universally concluded that claims of "failing to properly wear personal protective equipment, and acting 'without seriousness' with regard to the spread of COVID-19—simply do not rise to the level of Eighth Amendment violations." *Mincy v. Wetzel*, 2021 WL 5112277, at *4 (M.D. Pa. Nov. 3, 2021), reconsideration denied, 2022 WL 1188860 (M.D. Pa. Apr. 21, 2022). However, as discussed *supra*, claims made by Plaintiff, a pretrial detainee, must be evaluated under the standards set forth for a Fourteenth Amendment claim. Such a claim was considered in *Hersh v. McFadden*, 520 F. Supp. 3d 644 (E.D. Pa. 2021). In that case,

> Hersh alleges only that he was not provided with PPE in the early days of the COVID-19 pandemic. He admits that he was eventually provided with a mask. (ECF No. 2 at 28.) He does not allege that the delay in providing PPE was accomplished with the intent to punish or otherwise harm him. Evaluating the totality of the circumstances existing at the time, as reflected particularly in Captain Sergi's description of CCP's response to the exigent circumstances created by the virus (*see id.* at 22), it cannot be said on the facts provided that Hersh has successfully alleged a plausible Fourteenth Amendment claim based on the denial of PPE in the early days of the COVID-19 pandemic. *See Iqbal*, 556 U.S. at 678, 129 S.Ct. 1937 ("Where a complaint pleads facts that are merely consistent with a defendant's liability, it stops short of the line between possibility and plausibility of 'entitlement to relief." (internal quotations omitted)); *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 570, 127 S.Ct. 1955, 167 L.Ed.2d 929 (2007) ("Because the plaintiffs here have not nudged their claims across the line from conceivable to plausible, their complaint must be dismissed."). However, because the Court cannot determine with any certainty at this early stage that Hersh will not be able state a plausible claim, he will be granted leave to amend his Fourteenth Amendment claim.

*Hersh*, 520 F. Supp. 3d at 651. Similarly, in the instant matter, the facts as alleged by Plaintiff

could potentially rise to the level of a plausible Fourteenth Amendment claim regarding the following of CDC guidelines at the Beaver County Jail. However, as currently pleaded, they do not; thus, this Court respectfully recommends that Plaintiff's claim be dismissed without prejudice for Plaintiff to amend the claim to add more specificity.

### c. Access to Computers

Plaintiff next contends that there is an inadequate supply of working computer tablets for the number of inmates at the jail, which results in an unsafe situation when it comes to obtaining a computer to use. SAC (ECF No. 38) at ¶ 2(a). Considering this claim under the Fourteenth Amendment standard, Plaintiff has not alleged that the limited number of computers is the result of an "intent to punish." *Reyes*, 2020 WL 1689781, at *3. Thus, the Court must consider "whether the condition is reasonably related to a legitimate governmental objective and whether it is excessive to that purpose." *Id*.

By Plaintiff's own admission, this Court points out that there are computer tablets available for use and there are at least some working at all times. There is no constitutional right to unfettered or unlimited access to technology for any purpose while imprisoned. However, there is a constitutional right to access to courts. *See Richardson v. Morris Cnty. Corr. Facility*, 2006 WL 3000234, at *4 (D.N.J. Oct. 20, 2006) ("Inmates must be afforded reasonable access to telephones so as not to infringe the First Amendment or impede meaningful access to the courts in violation of the Fourteenth Amendment."). Thus, to the extent Plaintiff is attempting to utilize this technology to access the courts, he may be able to state a First or Fourteenth Amendment violation. Accordingly, this Court respectfully recommends that Plaintiff's claim be dismissed without prejudice to Plaintiff's ability to amend the SAC.

### d. Inadequate Number of Corrections Officers

Plaintiff next makes several claims regrading concerns for his safety, and in particular the fact that he believes there are an inadequate number of corrections officers employed and working at the Beaver County Jail.  Plaintiff claims he "has had to defend [him]self from convicted drug dealers, [rapists] who are aggressive and disrespectful," and he further claims that "reporting these incidents would only mean more attacks or being separated." SAC (ECF No. 38) at ¶ 2(b).  Plaintiff claims the number of corrections officers "is really to[o] low for normal operations and security" and results in overworked corrections officers and fighting. *Id*. at ¶ 2(d).  Read liberally, Plaintiff is asserting a claim that prison officials are failing to protect him from harm by other inmates.

"In the context of a pretrial detainee's failure-to-protect claim [] "... the state of mind requirement for prisoners' claims—'deliberate indifference'—applies [] to pretrial detainees' claims." *Hutchinson v. Bergen Cnty. Sheriff's Off.*, 2022 WL 1639153, at *4 (D.N.J. May 24, 2022) (quoting *Paulino v. Burlington Cty. Jail*, 438 F. App'x 106, 109 (3d Cir. 2011). "'Deliberate' is the key.  In other words, 'merely negligent misconduct will not give rise to a claim under § 1983; the state defendant must act with a higher degree of intent.'" *Id*.

Here, Plaintiff acknowledges that he did not bring this issue to the attention of the corrections officer. See SAC (ECF No. 38) at  ¶ 2(b).  Moreover, as Defendants stated in their brief, "[a]t the risk of stating the obvious, Plaintiff has no constitutional right to dictate the number of corrections officers employed at the jail." Defs.' Br. (ECF No. 49) at 14.  Here, because Plaintiff acknowledges that he did not raise this issue with Defendants, and therefore, Defendants could not have acted in a manner that was deliberately indifferent, this Court respectfully recommends that Plaintiff's claims related to the number of corrections officers be dismissed with prejudice, as amendment would be futile.

    *e.   Rash from Shower*

11

Plaintiff finally claims that he "has been given a rash from the showers that are invaded with black mold." SAC (ECF No. 38) at ¶ 2(c). According to Plaintiff, a positive diagnosis cannot be made, and he has not been permitted to see a dermatologist. *Id.*

"[T]he mere presence of mold in prison showers does not state a viable due process claim. Providing inmates with shower facilities, which comes with an inherent risk of growing mold, is a legitimate governmental interest." *Sherman v. Litz*, 2020 WL 2341339, at *4 (M.D. Pa. May 11, 2020) (internal quotation marks omitted). Here, however, Plaintiff has alleged more than mere presence, he has alleged that he has developed a rash from exposure to this mold. Further, he has claimed that the treatment for his rash was inadequate as he was deprived of seeing a specialist.

"Delay or denial of medical care violates the Eighth Amendment where defendants are deliberately indifferent to a prisoner's serious medical need. Under any standard applicable here, governmental actors' intent must be greater than mere negligence for their alleged misconduct to support a constitutional claim." *Montgomery v. Aparatis Dist. Co.*, 607 F. App'x 184, 187 (3d Cir. 2015). In Plaintiff's Amended Complaint, he points out that he was seen by a nurse and provided cream for treatment of his rash.[2] Amended Complaint (ECF No. 16) at ¶ 5(b). Thus, Plaintiff clearly received medical treatment, but it appears he is unhappy with it and fears the return of the rash by the continued existence of mold in the showers.

Based on the foregoing, this Court respectfully recommends that any Fourteenth Amendment claim regarding Plaintiff's medical treatment be dismissed with prejudice, as Plaintiff has not alleged facts sufficient to state a claim and has already amended this claim. However, this Court respectfully recommends that Plaintiff's Fourteenth Amendment claim related to the presence of black mold in the showers be dismissed without prejudice, and Plaintiff should be

---

[2] This information is not included in the SAC.

permitted to amend the SAC to provide additional facts to support his claim.

### D. Conclusion

For all the foregoing reasons, it is respectfully recommended that Defendants' motion to dismiss be granted in part and denied in part. Specifically, it is recommended that Plaintiff's claims related to his false arrest and imprisonment be dismissed without prejudice, and may be raised again if Plaintiff's conviction is overturned on appeal. It is recommended Plaintiff's claims regarding COVID-19 conditions, access to computers to the extent Plaintiff was seeking to access the courts, and the rash from the shower be dismissed without prejudice, and Plaintiff be permitted to amend the SAC. Finally, it is respectfully recommended that Plaintiff's claims regarding medical privacy, access to medical care, and the number of corrections officers and his personal safety be dismissed with prejudice.

Pursuant to the Magistrate Judges Act, 28 U.S.C. § 636(b)(1)(B) and (C), and Rule 72.D.2 of the Local Civil Rules, the Plaintiff, because he is a non-electronically registered party, must file objections to this Report and Recommendation by **August 1, 2022**, and Defendants are allowed until **July 27, 2022**, to file objections. Failure to timely file objections will constitute a waiver of any appellate rights. *Brightwell v. Lehman*, 637 F.3d 187, 193 n. 7 (3d Cir. 2011). Any party opposing objections may file their objections and any response to the initial objections within fourteen (14) days thereafter in accordance with Local Civil Rule 72.

Dated: July 13, 2022.

<div style="text-align: right;">
s/Cynthia Reed Eddy  
Cynthia Reed Eddy  
Chief United States Magistrate Judge
</div>

cc:   David S. Cercone  
      Senior District Judge

RICHARD ARRINGTON
300 Superior Avenue C
Apt. 118
Aliquippa, PA 15001
(via U.S. First Class Mail)

Counsel of Record
(via ECF electronic notification)